UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV421-346 |
| TABBY PLACE HOMEOWNERS ASSOCIATION, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The Court held a July 11, 2022 status conference with the parties in this case and two companion cases, *Baker v. Mortgage of America Lenders, LLC*, CV220-003 (S.D. Ga. Jan. 17, 2020) (the "Clean Water Act case"), and *Baker v. Olde Plantation Group, LLC, Tabby Place Homeowners Association, Inc.*, CE19-00671 (Superior Ct. Glynn Cty. 2019) (the "state court case"), to discuss the upcoming combined mediation of the three cases. The parties in this case are **DIRECTED** to comply with the instructions in this Order. The parties in the companion cases are expected to comply if they wish to participate in the mediation.

The mediation is set for 9:00 A.M. on August 29-30, 2022. Doc. 63. As discussed at the status conference, the mediation will take place at the offices of Hall Booth Smith, P.C., located at 3528 Darien Highway, Suite 300, Brunswick, GA 31525.[1] All parties and their counsel are **DIRECTED** to attend in-person on both days. If any party seeks to have experts educate the Court at the mediation, the experts must be available to participate via a reliable video conferencing platform (e.g., Microsoft Teams or Zoom).

Pursuant to the parties' request in their joint status report, doc. 65, all claimants must make a settlement demand no later than August 1, 2022.[2] All initial demands shall be submitted in writing via email to lead counsel for the party receiving the demand. Any party who receives a settlement demand must respond with a counteroffer no later than August 15, 2022.[3] Any failure to respond will be deemed a rejection. All

---

[1] The Court previously indicated that the mediation would take place in Savannah. Doc. 63.

[2] The Court presumes that the plaintiffs in each action will be the party to make the initial demand and the defendants in each action will make a counteroffer but to the extent the nature of the claims or defenses in any particular case may warrant a different sequence, the parties are welcome to alter this sequence by agreement. As was discussed at the recent conference, the party receiving the counteroffer will be expected to make the next move at mediation.

[3] As discussed at the status conference, the parties shall not file their pre-mediation

counteroffers shall be submitted in writing via email to lead counsel for the party receiving the response and/or counteroffer.[4]

Each party[5] shall email a **confidential, *ex parte*** [6] letter to the Courtroom Deputy Clerk at molly_davenport@gas.uscourts.gov no later than August 17, 2022. The letters should include:

1) the history of any settlement negotiations to date and each party's general settlement posture;

2) the facts you believe you can prove at trial;

3) a candid discussion of both the strengths and weaknesses of each side of the case;

4) a description of any liability disputes;

---

offers, demands, or counteroffers on the docket, or send them to the undersigned's Courtroom Deputy Clerk.

[4] Pursuant to the parties' request, all pre-mediation settlement demands and counteroffers will be transparent among the parties. Accordingly, whenever a party makes a pre-mediation demand or counteroffer pursuant to the above-described procedure, the party must send carbon copies of the email to counsel for all other parties in all three cases.

[5] In the case pending before the undersigned, nine of the defendants are individuals represented by the same counsel. The parties have indicated that all of these individuals except one (John Lijoi) are litigants in the companion cases; however, the group is represented by different counsel in the Clean Water Act case and the state court case. Counsel for the individuals are **DIRECTED** to choose one of the following two options: (1) submit one letter on behalf of all the individual parties in all three cases, or (2) counsel in each of the three cases submits one letter on behalf of the individuals for each of the three cases. Counsel shall not file individual letters for each individual party.

[6] As these letters are **confidential** they **should neither be served on opposing parties nor filed on the docket**.

5) a representation as to whether discovery has been completed and, if not, what discovery remains;

6) the identification of any outstanding motions which could have an effect on settlement;

7) an evaluation of the maximum and minimum damage awards you believe likely;

8) whether there are any non-monetary compensation arrangements which the parties require;

9) an estimate of the attorneys' fees and costs both to date and through trial; and

Several parties indicated that government agencies may need to participate in the mediation for the parties to reach a settlement. Any party that has interacted with a government agency regarding the upcoming mediation must summarize all interactions in their letter.[7] The letters should be written with candor. The letters should be no more than ten pages single-spaced and may contain no more than twenty additional pages of exhibits. Contemporaneously with the emailing of the letters, counsel for each party shall also complete and email to the Courtroom Deputy Clerk the undersigned's Settlement Conference Worksheet which is attached to this Order. If any party believes that

---

[7] The parties represented to the Court that counsel representing Glynn County, Georgia may need to participate at the mediation. As discussed at the conference, the Court expects that counsel for Glynn County will be available to participate in person or telephonically.

additional individuals or entities who are currently not parties to the case are necessary participants in any mediation, they are directed to indicate so on the Worksheet in the Additional Comments section.

As discussed at the conference, the Court will afford the parties an opportunity to present opening statements virtually via Microsoft Teams on August 22, 2022 at 9:00 A.M. They are **DIRECTED** to file a joint status report no later than July 27, 2022 informing the Court (1) the number of separate opening statements the parties seek to offer; (2) the names of counsel who will make the opening statements; (3) the names of the parties on whose behalf counsel will make the opening statements; (4) the expected length of the opening statements; and (5) the parties' proposed sequencing of the opening statements. All parties and their counsel are **DIRECTED** to attend the virtual opening statement session. Accordingly, the joint status report must also include the names and email addresses of all individuals attending the virtual session. The joint status report must state the cases in which each attendee is participating, as well as their role in those cases. The undersigned's Courtroom Deputy Clerk will then provide the attendees with login instructions for the conference via email.

At the mediation, the Court will hold an opening session with all parties, then send the parties into separate caucuses. As discussed at the conference, the mediation will be broken into six separate caucuses:

Caucus 1
- Auto-Owners Insurance Company

Caucus 2
- The individual parties

Caucus 3
- Tabby Place Homeowners Association, Inc.
- Old Plantation Group, LLC
- Palmetto Building Group, LLC

Caucus 4
- Mortgage of America Lenders, LLC

Caucus 5[8]
- Towneclub Construction, LLC

Caucus 6
- Counsel for Glynn County, Georgia (assuming they attend in person)

Pursuant to the parties' request, all offers and demands made by any party at the mediation will be transparently shared with all other parties at the mediation, unless the undersigned otherwise instructs.

Finally, as discussed in the Court's prior Order, doc. 64 at 3-4, all deadlines in this case are **STAYED** until 14 days after the mediation. If the mediation is unsuccessful, the parties are **DIRECTED** to confer and

---

[8] Counsel for the parties in Caucuses 4 and 5 indicated that they may seek to confer with the parties in Caucus 3 during the mediation.

jointly file a Rule 26(f) Report within 14 days of the conclusion of the mediation proposing discovery deadlines.

**SO ORDERED**, this 14th day of July, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# SETTLEMENT CONFERENCE WORKSHEET
## MAGISTRATE JUDGE CHRISTOPHER L. RAY

United States District Court – Southern District of Georgia
8 Southern Oaks Ct.
Savannah, GA 31405

Molly Davenport, Courtroom Deputy
Office: (912-650-4035)
e-mail: molly_davenport@gas.uscourts.gov

I. Date of Settlement Conference:

II. Parties Attending

　a. Plaintiff

　　i. Counsel: _____

　　ii. Client Representative: _____
　　　 Authority to settle?　　Yes ☐　　No ☐

　　iii. Additional Attendees: _____

　　　 Authority to settle?　　Yes ☐　　No ☐

　　iv. Do the parties request that anyone be permitted to attend via telephone? If so who and why? Such a request will only be granted upon a substantial showing of good cause. Mere convenience shall not be an adequate basis.

　　　 _____
　　　 _____
　　　 _____
　　　 _____

    b. For the Defendant:

        i. Counsel: _____

        ii. Client Representative: _____
           Authority to settle?       Yes ☐       No ☐

        iii. Additional Attendees: _____
           Authority to settle?       Yes ☐       No ☐

        iv. Do the parties request that anyone be permitted to attend via telephone? If so who and why? Such a request will only be granted upon a substantial showing of good cause. Mere convenience shall not be an adequate basis.

_____
_____
_____
_____

III. Additional Comments:

_____
_____
_____
_____
_____