## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV421-346 |
| TABBY PLACE HOMEOWNERS ASSOCIATION, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff Auto-Owners Insurance Company filed a Motion for Leave to File Amended Complaint which seeks "to add two new parties as Defendants, Olde Plantation Group, LLC ["Olde Plantation"] and Palmetto Building Group, LLC ["Palmetto"]." Doc. 82 at 1. No current party has opposed the Plaintiff's Motion. *See generally* docket. However, Olde Plantation and Palmetto have filed a Motion to Intervene for the limited purpose of opposing it. Doc. 92 at 1-2. Plaintiff opposes the Motion to Intervene. Doc. 96. For the following reasons, the Motion to Intervene is **GRANTED**. Doc. 92.

1

Olde Plantation and Palmetto seek to intervene pursuant to Fed. R. Civ. P. 24(a).  *See* doc. 92 at 1-2.  A party seeking intervention "as a matter of right" under Rule 24(a) must meet four requirements:

> (1) the application to intervene is timely;
>
> (2) the applicant has an interest relating to the property or transaction which is the subject of the action;
>
> (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and
>
> (4) the applicant's interest will not be represented adequately by the existing parties to the suit.

*United States v. 324 Auto. Grilles*, 2019 WL 11544480, at *2 (S.D. Ga. Mar. 25, 2019) (citing *ManaSota-88, Inc. v. Tidwell*, 896 F.2d 1318, 1321 (11th Cir. 1990)).  "Rule 24 is to be given a liberal construction in favor of applicants for intervention." *First Nat'l Bank of Tennessee v. Pinnacle Properties V, LLC*, 2011 WL 13221046, at *2 (N.D. Ga. Nov. 1, 2011).

Olde Plantation and Palmetto expressly argue that they meet each of these four requirements.  Doc. 92 at 2.  They contend that the motion is timely under this Court's Local Rules, and that they "claim an interest in Plaintiff's Motion because it baselessly seeks to add them as parties to this action." *Id.*  They assert that, without intervention, their ability to protect their interest in not being joined as parties to this action will be

impaired.  *Id.*  They also assert that their interests are not adequately protected by the existing parties.  *Id.*

Although Plaintiff does not specifically address each of the four prongs of the analysis in response, it appears to base its challenge on the second and third prongs, arguing that because its Motion for Leave to File Amended Complaint is meritorious, Olde Plantation and Palmetto have no "interest" to protect by intervening.[1]  Courts have held, however, that the prospect of being added to a lawsuit in an amended complaint is a sufficient "interest" under the second prong, and that disposing of a motion for leave to file an amended complaint without allowing prospective defendants to respond would "impair or impede" their ability to protect that interest.  *See, e.g.*, *Innovative Biometric Tech., LLC v. Lenovo (United States), Inc.*, 2010 WL 11447532, at *1 (S.D. Fla. Sept. 10, 2010); *see also Cooley v. Lisman*, 2019 WL 11288454, at *3 (D.N.J. Feb.

---

[1]  *See, e.g.*, doc. 96 at 2 ("[Olde Plantation and Palmetto] argue at if they cannot intervene to oppose their joinder in this matter, [they] 'will lose an opportunity to demonstrate why they are not proper parties to this action' and thus will be forced to defend this matter at great expense. [Cit.]   However, . . . Palmetto and Olde Plantation are . . . necessary Parties to this declaratory judgment litigation."); *id.* at 3 ("As Palmetto and Olde Plantation are, in fact, proper parties to this action, there is no 'interest' for them to protect by seeking to intervene in this matter to oppose Plaintiff's Motion[.]").  Plaintiff does not argue that Olde Plantation and Palmetto are untimely or that their interests are already adequately represented.  *See generally* doc. 96.

28, 2019) (granting motion to intervene for the limited purpose of opposing a motion to amend seeking to add non-party as a party to the litigation).  Plaintiff does not cite any authority suggesting that Rule 24(a) requires the Court to evaluate the merits of its Motion for Leave to File Amended Complaint to determine whether Palmetto and Olde Plantation can intervene to oppose it.  *See generally* doc. 92.  Accordingly, in light of the Court's obligation to construe Rule 24 liberally in favor of applicants for intervention, *First Nat'l Bank of Tennessee*, 2011 WL 13221046, at *2, the Motion to Intervene is **GRANTED**.  Doc. 92.

Olde Plantation and Palmetto filed their response to Plaintiff's Motion for Leave to File Amended Complaint, doc. 82, along with several accompanying exhibits, as a single ninety-page attachment to the Motion to Intervene.  *See generally* doc. 92-1.  Within 7 days from the date of entry of this Order, they are **DIRECTED** to file their response to the Motion for Leave to Amend as a new, separate filing.  They must file any accompanying exhibits as separate attachments to that new filing.  To the extent any party seeks to file a reply to Olde Plantation and Palmetto's response, all replies are due within 14 days from the date Olde Plantation and Palmetto file their response as a standalone filing.  *See*

S.D. Ga. L. Civ. R. 7.6 ("A party intending to file a reply brief shall immediately so notify the Clerk and shall serve and file the reply within fourteen (14) calendar days of service of the opposing party's last brief.").

**SO ORDERED**, this 29th day of November, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5