UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV421-346 |
| TABBY PLACE HOMEOWNERS ASSOCIATION, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Plaintiff Auto-Owners Insurance Company's "Motion for Leave to File [Second] Amended Complaint", which seeks "to add two new parties as Defendants[:] Olde Plantation Group, LLC ['Olde Plantation'] and Palmetto Building Group, LLC ['Palmetto']" (collectively, the "Prospective Defendants"). Doc. 82 at 1. The Court granted the Prospective Defendants leave to intervene for the limited purpose of opposing Plaintiff's motion. Doc. 99 at 4-5 (Order granting leave to intervene); doc. 100 (Prospective Defendants' response).[1]

---

[1] The defendants named in the Amended Complaint, doc. 33, have not opposed Plaintiff's motion for leave to file a Second Amended Complaint. *See* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within [14 days] shall indicate that there is no opposition to a motion."); *see generally* docket.

1

Plaintiff replied. Doc. 106. For the following reasons, Plaintiff's request for leave to file a Second Amended Complaint is **GRANTED**. Doc. 82. Also before the Court is a consent motion by Plaintiff and the parties named in the Amended Complaint seeking "an order to allow discovery [from a related state court case to] be used in this case under certain conditions." Doc. 94. For the following reasons, that motion is **DENIED, without prejudice** and with leave to refile. Doc. 94.

## BACKGROUND

Plaintiff filed this declaratory judgment action against eleven Defendants[2] seeking a declaration that it has no duty to defend or indemnify Tabby Place in *Baker v. Olde Plantation Group, LLC*, Civil Action No. CE19-00671, a lawsuit pending in the Superior Court of Glynn County, Georgia (the "underlying lawsuit"). Doc. 33 at 1, 88-89 (Amended Complaint); doc. 94 at 1 (identifying the underlying lawsuit case citation). The Homeowners filed the underlying lawsuit against, among other

---

[2] The eleven defendants named in the Amended Complaint are Tabby Place Homeowners Association, Inc., Gayle Baker, Donald J. Brunelle, Judith A. Brunelle, Jane Fraser, Burke McCall Harrison, Vicki S. Harrison, John Lijoi, Judith C. Phillips Robert W. Williamson, III, and Renee J. Williamson. Doc. 33 at 1. The Court will refer to Tabby Place Homeowners Association, Inc. as "Tabby Place", and the individual defendants collectively as the "Homeowners." *See, e.g., id.* at 5 (The Amended Complaint refers to the individual defendants as the "Homeowner Defendants").

defendants, Tabby Place and the Prospective Defendants for property damage "allegedly caused by the construction and maintenance of retention ponds and other storm water runoff maintenance systems located at the Tabby Place [residential] subdivision and an adjacent subdivision, Captain's Cove subdivision." Doc. 33 at 6; *see also* doc. 82 at 2 (explaining that the Prospective Defendants are Tabby Place's co-Defendants in the underlying lawsuit).

Plaintiff has moved for leave to file a Second Amended Complaint for the "sole purpose" of adding the Prospective Defendants as defendants in this case. Doc. 82 at 1, 4. Plaintiff contends that "the damages caused by specific individual events are difficult, if not impossible to separate", and notes that the Prospective Defendants could bring a contribution claim against Tabby Place based on the outcome of the underlying lawsuit. *See, e.g.*, doc. 106 at 3. It argues that leave to amend is appropriate under Federal Rules of Civil Procedure 15 and 19. Doc. 82 at 5. The Prospective Defendants argue that amendment would be inappropriate under both rules. *See generally* doc. 100.

## ANALYSIS

"In order to amend a complaint to add additional parties . . . , a plaintiff must satisfy both the requirements of Rule 15(a) and demonstrate compliance with one of the other rules governing the addition of parties, such as Rules 19, 20, or 21." *Fincher v. Georgia-Pacific, LLC*, 2009 WL 2601322, at *1 (N.D. Ga. Aug. 24, 2009). Plaintiff justifies its amendment request under Rule 15(a) and Rule 19. *See, e.g.*, doc. 82 at 6. The Court will address these two rules in turn.[3]

### I.   Plaintiff has satisfied Rule 15(a).

Since Plaintiff has already filed an Amended Complaint, doc. 33, it may only amend its pleading again "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Rule 15(a) prescribes a "liberal amendment policy", a court may deny a motion to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to

---

[3] Plaintiff primarily justifies joinder under Rule 19; however, it also asserts that joinder under Rule 20 would be appropriate. *See, e.g.*, doc. 106 at 14. Given the Court's conclusion, discussed below, that the Prospective Defendants are necessary parties under Rule 19, the Court need not evaluate Plaintiff's Rule 20 arguments.

the opposing party; or (3) where amendment would be futile." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (internal quotations and citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (a district court may properly deny leave to amend the complaint under Rule 15(a) when, among other reasons, such amendment would be futile). The Prospective Defendants challenge Plaintiff's amendment request on undue delay, undue prejudice, and futility grounds. *See* doc. 100 at 4-12.

The Prospective Defendants argue that the Court should deny Plaintiff leave to amend because its "actions constitute undue delay for which it has failed to provide a satisfactory explanation." Doc. 100 at 9. " 'Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, *undue* delay may clearly support such a denial.' " *In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014) (quoting *Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1578-79 (11th Cir. 1991)); *see also Brinson v. Providence Community Corrections*, 2018 WL 4059379, at *4 (S.D. Ga. August 24, 2018) (noting that a district court has discretion to deny leave to amend when the moving party offers no adequate explanation for a lengthy delay, and collecting cases supporting same).

5

The Prospective Defendants note that although Plaintiff has been providing Tabby Place with a defense in the underlying lawsuit, and although the Homeowners named Tabby Place and the Prospective Defendants as co-defendants in the underlying lawsuit in a Second Amended Complaint on July 22, 2021, Plaintiff did not request leave to add the Prospective Defendants to this declaratory judgment action until October 17, 2022. *See* doc. 100 at 10-11. The Prospective Defendants also argue that Plaintiff's justification for the purported delay is insufficient because its motion "vaguely mentions its alleged discovery of 'additional information.'" Doc. 100 at 11 (quoting doc. 82 at 3-4).

In its reply, however, Plaintiff clarifies that the Homeowners, in their motion seeking leave to add Tabby Place as a co-defendant with the Prospective Defendants in the underlying lawsuit, initially made representations that "Tabby Place . . . was only named in the . . . Second Amended Complaint [in the underlying lawsuit] because the [state] court's order regarding [the] Homeowner[s'] . . . claims for injunctive relief could potentially bind Tabby Place['s] . . . use of its land." Doc. 106 at 21. Plaintiff asserts that the Homeowners subsequently clarified that "[the Homeowners] contend Tabby Place independently caused or

exacerbated damage to their Property related to the maintenance of the retention ponds", which indicates that the Prospective Defendants could have a contribution claim against Tabby Place. *Id.*; *see also* doc. 82 at 3-4 (Plaintiff explains that it learned the "additional information regarding interests of and relationships between the parties" in August 2022). The Prospective Defendants did not file a sur-reply to address the clarified specific "additional information" in Plaintiff's reply, and they do not explain why this clarified explanation is insufficient. *See generally* docket. Accordingly, the Court finds no "undue delay" justifying a denial of Plaintiff's amendment request.[4]

Finally, the Prospective Defendants argue that even if the Court credits Plaintiff's explanation that it bases its request to add the Prospective Defendants on information it learned in August 2022, that Plaintiff's delay of "another month and a half to seek leave" warrants

---

[4] The Prospective Defendants also argue that Plaintiff's original Complaint in this declaratory judgment action, filed on December 2, 2021, includes an "explicit[ ] acknowledge[ment] [of] the relationship between [Olde Plantation] and [Tabby Place]", since it recognizes "[Tabby Place] as the successor-in-interest to Olde Plantation . . . for the retention ponds that are the subject of the [underlying lawsuit]." Doc. 100 at 11 (citing doc. 1 at 8-9). The original Complaint's mention of the successor-in-interest relationship between Tabby Place and one of the Prospective Defendants does not negate Plaintiff's explanation that it learned additional information about the Prospective Defendants' potential financial interest in the outcome of this declaratory judgment action as recently as August 2022.

7

denial of its amendment request. Doc. 100 at 11. The Court disagrees given courts' rejections of similar arguments. *See, e.g., Faure v. IJL Electric Corp.*, 2009 WL 10666891, at *1 (S.D. Fla. Dec. 2, 2009) ("There must be a substantial reason to deny a motion to amend. [Cit.] Here, the delay in requesting an amendment was only about two months after Defendants' Answer, . . . and the delay was not undue.").

Next, although the Prospective Defendants assert that they would be prejudiced if they were added to this declaratory judgment action, *see, e.g.*, doc. 100 at 3-4, 11, they do not specifically identify how they would be prejudiced. *See id.* at 10-11 (The Prospective Defendants conclude a paragraph discussing "undue delay" by asserting "[t]hese facts constitute undue delay and prejudice to Prospective Defendants."). The Court cannot conclude that the Prospective Defendants would be prejudiced by their addition to this case, especially since "fact discovery has not begun nor has the Court entered a Scheduling Order." *Diaz v. Societe Air France Co.*, 2021 WL 8821541, at *2 (S.D. Fla. May 4, 2021).

The Prospective Defendants also argue that the proposed amendment would be futile because Plaintiff does not have standing to assert any claims against them, and because Plaintiff's claims against

8

them are not ripe.  Doc. 100 at 4-8.  Leave to amend can be denied due to futility where the plaintiff's complaint, as amended, would be subject to dismissal.  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir.1985)).  Accordingly, "[i]n deciding whether the amendment to the complaint would be futile, the court should be guided by the principles that govern consideration of a motion to dismiss." *Joyner v. City of Atlanta*, 2017 WL 1164516, at *2 (N.D. Ga. Jan. 3, 2017) (quoting *Wyatt v. BellSouth, Inc.*, 176 F.R.D. 627, 630 (M.D. Ala. 1998) (internal quotations omitted)).  The Court will address the Prospective Defendants' standing argument before turning to their ripeness argument.

Standing is an aspect of the Court's subject matter jurisdiction—the Constitutional limits on its power.  *See, e.g.*, *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (explaining the jurisdictional significance of standing).  As such, the Court has an obligation to verify its jurisdiction and Plaintiff's standing.  *See, e.g.*, *United States v. Hays*, 515 U.S. 737, 742 (1995) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-31 (1990))

("The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines." (citation, quotations, and alterations omitted)). To determine whether a plaintiff has standing to sue, courts look to three elements: (1) injury in fact; (2) causation; and (3) redressability. *Hays*, 515 U.S. at 743. The injury-in-fact element requires "an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.*

The Prospective Defendants argue that Plaintiff fails to satisfy the "injury-in-fact" prong because it bases its claims against the Prospective Defendants on "nothing more than a speculative, remote possibility that Prospective Defendants *may, perhaps, at some unknown time in the future*, bring a contribution claim against Tabby Place." Doc. 100 at 2 (emphasis in original); *see also id.* at 6 ("Prospective Defendants are not parties to the insurance policy at issue; they have asserted no claims against Tabby Place in the Underlying Litigation; and they have continuously denied all alleged liability in the Underlying Litigation.").

The Northern District of Georgia, however, found that an insurance company had standing to sue a defendant in a similar circumstance. *See*

*Allstate Ins. Co. v. Good*, 2015 WL 12227728, at *2 (N.D. Ga. July 27, 2015). In *Good*, the plaintiff in the underlying state court negligence lawsuit sued Michael Barger, Cameron Good, and others related to an assault allegedly carried out by Barger and Good. *Id.* at *1-2 Allstate Ins. Co. brought a declaratory judgment action against its insureds, John, Carianne, and Cameron Good (the "Good Defendants"), and Barger, whom it did not insure. *See id.* at *1. The Court denied Barger's motion to dismiss for lack of subject matter jurisdiction, explaining:

> To the extent Barger's argument is premised upon the fact that no contract exists between Barger and Allstate, that argument is trumped by the fact that Barger has an interest in this case. Specifically, the outcome of this case may affect his capacity to obtain contribution in the underlying suit as a co-defendant. Allstate, in turn, has an interest in resolving all claims that Barger might potentially assert in connection with the Goods' insurance policy.

*Id.* at *2; *see also* doc. 106 at 10-11 (Plaintiff identifies the *Good* case in its reply); *see generally* docket (the Prospective Defendants did not file a sur-reply). Although the Prospective Defendants are correct that Plaintiff's claim against them rests on "contingencies", doc. 100 at 6, the Court finds those contingencies sufficient for standing purposes given the *Good* Court's analysis, which the Prospective Defendants do not address, and which this Court finds persuasive.

11

The Prospective Defendants also argue that Plaintiff's claims against them are not ripe because Tabby Place has not been found liable in the underlying lawsuit. Doc. 100 at 7-8 (quoting *Schneider Nat'l Carriers, Inc. v. United Specialty Ins. Co.*, 2022 WL 1479952, at *4 (M.D. Ga. May 10, 2022) ("[D]isputes over indemnification are typically not ripe until liability is established." (Prospective Defendants' emphasis omitted))). Specifically, they contend that their "interest in this action is purely hypothetical and involves only the question of whether Plaintiff has a duty to indemnify Tabby Place against any potential contribution claim brought by Prospective Defendants." *Id.* at 8.

The Prospective Defendants are correct that "[a]n insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." *Auto-Owners Ins. Co. v. Deerlake Homeowners Ass'n, Inc.*, 2012 WL 1038748, at *3 (N.D. Ga. Mar. 27, 2012) (quotation and citation omitted). However, in a prior Order denying the Homeowners' Motion to Dismiss, the District Judge explained that "discretion and common-sense dictate postponing—rather than dismissing without prejudice—consideration of the duty to indemnify 'until the earlier of (a) a final disposition of the [underlying

lawsuit] or (b) a ruling on the duty to defend.' " Doc. 73 at 26 (quoting *Auto-Owners Ins., Co. v. Hickory Springs Ests. Homeowners Ass'n, Inc.*, 2008 WL 5381971, at *5 (M.D. Ga. Dec. 23, 2008)). Accordingly, although the Court agrees that the issue of whether Plaintiff has a duty to indemnify Tabby Place for claims by the Prospective Defendants may not yet be ripe, the Court cannot conclude that adding them as defendants in a Second Amended Complaint would be futile. For the foregoing reasons, the Court finds that affording Plaintiff an opportunity to file a Second Amended Complaint is appropriate under Fed. R. Civ. P. 15(a)(2).

## II. The Prospective Defendants are necessary parties under Rule 19.

Having concluded that Plaintiff has satisfied Rule 15(a), the Court must address its argument that Rule 19 justifies its amendment request. *See Fincher*, 2009 WL 2601322, at *1. Plaintiff argues that the Prospective Defendants are "necessary parties" under Rule 19(a). *See, e.g.*, doc. 106 at 9-10. That rule provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction[5] must be joined as a party if:

---

[5] Courts refer to the analysis of whether a party is "subject to service of process" and whether their "joinder will not deprive the court of subject-matter jurisdiction" as the

13

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 19(a). No party argues that the Prospective Defendants' joinder would be unfeasible, *see generally* doc. 100; accordingly, the Court must determine whether they are "necessary parties." *See Witmer*, 2022 WL 2134593, at *2-4.

Plaintiff notes that the Middle District of Georgia has found that co-defendants in an underlying lawsuit were "necessary parties" under Rule 19(a) in a similar circumstance:

> The Eleventh Circuit has recognized that a tort claimant is a necessary party to a declaratory judgment action between an insurer and an insured for the purposes of Rule 19. . . . For the same reasons, a co-defendant named in an underlying action is a necessary party to a declaratory judgment action between an insurer and an insured. Like an absent tort claimant, an absent co-defendant will be forced to contend

---

"feasibility" analysis. *See, e.g.*, *Witmer v. Bates*, 2022 WL 2134593, at *2-4 (N.D. Ala. June 14, 2022) (discussing Rule 19's structure).

> with the *stare decisis* effect of a judgment in this case. Furthermore, an absent co-defendant may have an interest in the outcome of the action insofar as the judgment may affect its ability to obtain contribution from an uninsured joint tortfeasor.

*Owners Ins. Co. v. Bryant*, 2006 WL 50488, at *3-*4 (M.D. Ga. Jan. 9, 2006) (quoted, in part, by doc. 82 at 5; doc. 106 at 15).

The Prospective Defendants do not attempt to distinguish this case from *Bryant*; rather, they assert that "*Bryant* does not bind this Court, and to the best of Prospective Defendants' knowledge, it represents the only case in the Eleventh Circuit holding that a co-defendant in an underlying action, who has no adverse claims against the insured and is not a party to the policy, constitutes a necessary party to a coverage action for declaratory judgment." Doc. 100 at 13. This Court, however, has recently adopted the *Bryant* Court's reasoning in a similar context. In *State Farm Mutual Automobile Insurance Company v. Lian*, the Court explained that, "based on the reasoning in [*Bryant*]," a co-defendant in a lawsuit underlying a declaratory judgment action is a "required party" under Rule 19(a). CV420-205, doc. 63 at 18-19 (S.D. Ga. Feb. 6, 2023)

15

(Moore, J.).[6]  Given the Court's reasoning in *Lian* and the Middle District's persuasive reasoning in *Bryant*, the Court agrees with Plaintiff that the Prospective Defendants are "necessary" parties under Rule 19(a), and that they "must be joined." Fed. R. Civ. P. 19(a)(1).  Plaintiff's "Motion for Leave to File [Second] Amended Complaint" is therefore **GRANTED**.  Doc. 82.

### III. The pending "Consent Motion" is denied.  Doc. 94.

Also before the Court is a "Consent Motion" by Plaintiff and all defendants named in the Amended Complaint, doc. 33 at 1, requesting "an order to allow discovery in the underlying [lawsuit] [to] be used in this case under certain conditions[.]" Doc. 94 at 1.  "Unless the assigned Judge prescribes otherwise, every motion filed in civil proceedings shall cite to supporting legal authorities." S.D. Ga. L. Civ. R. 7.1(b).  The Consent Motion cites no authority supporting the relief sought, nor does it explain why the Court can authorize the "use" of discovery gathered pursuant to Georgia law in this federal declaratory judgment action. *See*

---

[6] In *Lian*, Judge Moore explained that "necessary" and "required" are analogous terms in the Rule 19 context. *See* CV420-205, doc. 63 at 13; *but see id.* at 17-18, 18 n.7 (explaining the distinction between "indispensable" and "necessary" parties in the Rule 19 context).

doc. 94 at 1-2 ("The parties request this Court to allow that discovery . . . to be shared and used in this case with the same effect as if taken or produced under the Federal Rules of Civil Procedure[.]"). While the Court can appreciate the efficiencies and cost savings the parties seek to accomplish by not having to duplicate discovery, the vague request that the Court "allow" the underlying litigation's discovery to be "shared and used" in this proceeding "under certain conditions" is not sufficiently clear. The "Consent Motion" is therefore **DENIED without prejudice** and with leave to refile. Doc. 94. The parties are free to renew their request in a properly-supported, more specific, motion. At a minimum, any renewed motion should detail the particular types of discovery from the underlying state case sought to be used in this case, the purposes for (and manner in which) the parties may use the state-case discovery in this case, and how any potential conflicts between state and federal practice would be resolved. Additionally, given the Prospective Defendants' addition to this case, any renewed motion should indicate whether they oppose the request. *See* S.D. Ga. L. Civ. R. 7.1(b) ("Where practical, parties should indicate whether a motion is unopposed.").

## CONCLUSION

For the foregoing reasons, the pending "Consent Motion" is **DENIED without prejudice** and with leave to refile, doc. 94, and Plaintiff's "Motion for Leave to File [Second] Amended Complaint" is **GRANTED**, doc. 82. Plaintiff attached its proposed Second Amended Complaint as an exhibit to its motion. Doc. 82-1 at 3. The Clerk is **DIRECTED** to file the Second Amended Complaint in a new and separate docket entry. The Second Amended Complaint will be deemed filed on the date the Clerk files it in a new docket entry.[7] The parties are **DIRECTED** to file a Rule 26(f) Report consistent with the deadlines and instructions in the Court's Rule 26 Instruction Order. Doc. 50-1.[8]

Prior to an August, 2022 Court-directed mediation, the Court stayed this case until 14 days after the mediation. Doc. 66 at 6-7. Despite the limited scope of that stay, the docket currently includes a notation indicating that this case is stayed. The Clerk is **DIRECTED** to remove that notation. In a post-mediation Rule 26(f) Report, the parties

---

[7] "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed. R. Civ. P. 4(c)(1).

[8] This case was reassigned from Judge Moore to Judge Baker. Doc. 47. The parties must therefore follow the instructions contained in Judge Baker's Rule 26 Instruction Order. Doc. 50-1.

indicated that there is a dispute regarding whether an additional stay is appropriate. Doc. 75. To the extent the parties seek a stay, they must make that request in a motion.

**SO ORDERED**, this 22nd day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA