UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AUTO-OWNERS INSURANCE )
COMPANY, )
 )
      Plaintiff, )
 )
v. )
 )   CV421-346
 )
TABBY PLACE HOMEOWNERS )
ASSOCATION, INC., *et al.*, )
 )
 )
      Defendants. )

## ORDER

Plaintiff Auto-Owners Insurance Company ("Auto-Owners") filed a Second Amended Complaint seeking declaratory judgment against Tabby Place Homeowners Association, Inc. ("the HOA"); Gayle Baker, Donald J. Brunelle, Judith A. Brunelle, Jane Fraser, Burke McCall Harrison, Vicki S. Harrison, Judith C. Phillips, Robert W. Williamson III, and Renee J. Williamson (collectively, "the Property Owners"); and Olde Plantation Group, LLC and Palmetto Building Group, LLC (collectively, "the Developers").  Doc. 112-10.  The HOA "seeks coverage from Auto-Owners under a policy of commercial general liability insurance and an umbrella liability insurance policy for the allegations made against it by"

1

the Property Owners in an underlying lawsuit in Glynn County, Georgia. *Id.* at 4. The Developers are also defendants in the underlying action. *Id.* at 5-6. The claims against the HOA and Developers in the underlying lawsuit include: "continuing trespass from repeated storm water discharges on to the [Property Owners'] property; continuing nuisance as a result of the storm water discharge by the [HOA] (related to breaches of the [HOA]'s alleged duty to inspect, maintain, repair, and/or stabilize the detention pond); negligence, negligence *per se*, riparian rights; unjust enrichment; and injunctive relief." *Id.* at 9.

A trial has been set in the underlying lawsuit and will commence on May 6, 2024. *See* doc. 143-1 at 2. The HOA, Property Owners, and Developers jointly move to stay discovery in this declaratory judgment action pending the resolution of the Glynn County case. Doc. 143. They argue that the underlying lawsuit will resolve the "question of indemnity" in the present action, and could negate the need for the parties to "expend[] thousands of dollars of resources for discovery." *Id.* at 5. The "slight delay," they argue, would not be prejudicial to either party. *Id.* (quoting *BOJ of WNC, LLC v. Westfield Nat't Ins. Co.*, 2023 WL 7930056, at *2 (S.D. Ga. Nov. 16, 2023)). Auto-Owners counters that

the Court, in a prior Order denying the HOA and the Property Owners' Motions to Dismiss, and the HOA's alternative request to stay, found that it was "highly unlikely" that a resolution of the underlying lawsuit would lead to any conclusive determinations about whether Auto-Owners has a duty to defend or indemnify the HOA. Doc. 145 at 1-4; *see also* doc. 73 at 12. It also argues that a stay would prejudice it by forcing it to incur the costs of defending the HOA at trial. Doc. 145 at 3-4.

Courts may "stay [proceedings] pending the resolution of a related case in another court." *Ortega Trujillo v. Conover & Co. Comms., Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). The power to stay a case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Though a district court has "broad discretion to stay proceedings," *see Clinton v. Jones*, 520 U.S. 681, 706 (1997), when determining whether a stay is appropriate, a court should consider both "the prudential advantages of a stay" and "the relative prejudice and hardship worked on each party if a stay is or is not granted." *BOJ of WNC, LLC*, 2023 WL 7930056, at *1 (quoting *Dise v. Express Marine,*

*Inc.*, 2008 WL 2163920, at *3 (S.D. Ala. May 19, 2008) (internal quotations omitted)).

Here, the HOA, Property Owners, and Developers have shown neither the "prudential advantages of a stay" nor their "relative prejudice[s] and hardship[s]" justifying a stay. *BOJ of WNC, LLC*, 2023 WL 7930056, at *1 (internal quotation omitted). They argue that the jury at the upcoming Glynn County trial may find the HOA not liable, thereby nullifying the question of Auto-Owner's duty to indemnify the HOA. Doc. 143 at 5. However, as this Court has already recognized, *see* doc. 73 at 24, "under Georgia law, the duty to defend an insured is separate and independent from the obligation to indemnify." *Elan Pharm. Rsch. Corp. v. Emps. Ins. of Wausau*, 144 F.3d 1372, 1375 (11th Cir. 1998). The outcome of the trial in the underlying action will have no bearing on the second question in this case–whether Auto-Owners has a duty to defend the HOA. *See Am. Fidelity & Cas. Co. v. Penn. Thresherman & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 458 (5th Cir. 1960)[1] (holding that the duties to defend and to indemnify are "separate and distinct in the sense

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit handed down prior to October 1, 1981.

4

that the duty to defend does not depend upon the payment to damage claimant or the rendition of a judgment declaring the assured's legal obligation to pay"); *Progressive Mountain Ins. Co. v. R.W. Womack & Sons, Inc.*, 2012 WL 12929724, at *2 (S.D. Ga. May 14, 2012) ("[A]n insurer may have a duty to defend yet, in the end, not have a duty to indemnify–the two duties *do not always* stand and fall in unison." (emphasis in original)). The resolution of the underlying case will not, as the HOA, Property Owners, and Developers claim, "totally resolve the liability insured's issues." Doc. 143 at 5-6. The basic premise of their motion to stay is therefore fundamentally flawed.

Auto-Owners will be prejudiced if a stay is granted. A stay would "force it to continue to incur the immense costs of defending Defendant HOA in the Underlying Action when the coverage issues [could] be expeditiously resolved through dispositive motions in this lawsuit." Doc. 145 at 4. As the HOA, Property Owners, and Developers acknowledge in their motion, this case has been pending for over 25 months. Doc. 143 at 6; *see generally* docket. To date, no scheduling order has issued. *See generally* docket. Auto-Owners has not yet had the opportunity to file a dispositive motion on its duty to defend claim. Staying this action would

5

only serve to frustrate Auto-Owners' ability to be heard as to whether it does or does not have a duty to defend. *See Essex Ins. Co. v. Foley*, 2011 WL 290423, at *3 (S.D. Ala. Jan. 27, 2011) ("[T]he duty-to-defend component of this declaratory judgment action would almost certainly be rendered moot by a stay pending resolution of the Underlying Action, thereby needlessly frustrating [the insurer]'s efforts to obtain a ruling on the merits as to that issue."). It would be unfairly prejudicial to Auto-Owners to delay proceedings on its duty to defend the HOA until after the HOA has already enjoyed the full benefit of that defense. *See id.* at *3 n.6.

Because the HOA, Property Owners, and Developers have offered a faulty argument in favor of a stay, and because Auto-Owners would be unfairly prejudiced by a stay, staying these proceedings pending the outcome of the underlying action would be inappropriate. Accordingly,

the Court **DENIES** the HOA, Property Owners, and Developers' Motion to Stay Discovery Proceedings.  Doc. 143.

**SO ORDERED**, this 14th day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA